UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROLL SYSTEMS, INC.<br><br>    Plaintiff,<br><br>v.<br><br>HUNKELER AG and STANDARD<br>FINISHING SYSTEMS, LLC<br><br>    Defendants. | 04 10876 PBS<br><br>Civil Action No.<br><br>MAGISTRATE JUDGE Alexander |

04 10876 PBS

RECEIPT # 55642
AMOUNT $150
SUMMONS ISSUED Yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. TOM
DATE 6/4/04

## COMPLAINT

Plaintiff Roll Systems, Inc. ("Roll Systems") for its complaint against Hunkeler AG ("Hunkeler") and Standard Finishing Systems, LLC ("Standard") alleges as follows:

### NATURE OF ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, §§ 100 *et seq.*

### PARTIES

2. Plaintiff Roll Systems is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of business at 53 Third Avenue, Burlington, MA 01803.

3. Upon information and belief, defendant Hunkeler is a corporation organized and existing under the laws of Switzerland, having its principal place of business at Bahnhofstrasse 31, CH-4806 Wikon, Switzerland.

4. Upon information and belief, defendant Standard is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, having its principal place of

business at 10 Connector Road, Andover, MA 01810. Upon information and belief, Standard is Hunkeler's exclusive United States distributor.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has jurisdiction over defendant Hunkeler pursuant to Massachusetts General Law ch. 223A § 3. Personal jurisdiction over Hunkeler comports with the United States Constitution and with Massachusetts General Law ch. 223 A § 3 because Hunkeler has transacted, and continues to transact, business in Massachusetts and has caused, and continues to cause, tortious injury in Massachusetts. The infringement action against Hunkeler stems directly from its establishment of a regular distribution channel in Massachusetts for the sale of its goods through its exclusive United States distributor located in Andover, Massachusetts. The harm suffered by plaintiff Roll Systems arises directly from Hunkeler's distribution channel in Massachusetts.

7. This Court has general jurisdiction over defendant Standard pursuant to Massachusetts General Law ch. 223A §2 because Standard maintains its principal place of business in Massachusetts.

8. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b). Hunkeler and Standard are transacting, doing and/or soliciting business and committing acts of patent infringement in this district and elsewhere.

## BACKGROUND

9. Roll Systems is owner by assignment of U.S. Patent No. 5,273,516 (the "'516 patent") that was duly and legally issued on December 28, 1993 to H. W. Crowley, and is

entitled "Method and Apparatus for Business Forms Processing." A true and accurate copy of the '516 patent is attached as Exhibit A.

10. Roll Systems is owner by assignment of U.S. Patent No. 5,630,780 (the "'780 patent") that was duly and legally issued on May 20, 1997 to H. W. Crowley, and is entitled "Method and Apparatus for Business Forms." A true and accurate copy of the '780 patent is attached as Exhibit B.

11. Roll Systems is owner by assignment of U.S. Patent No. 5,399,143 (the "'143 patent") that was duly and legally issued on March 21, 1995 to H. W. Crowley, and is entitled "Method and Apparatus for Business Forms Processing." A true and accurate copy of the '143 patent is attached as Exhibit C.

12. Roll Systems is owner by assignment of U.S. Patent No. 5,816,997 (the "'997 patent") that was duly and legally issued on October 6, 1998 to H. W. Crowley, and is entitled "Method and Apparatus for Business Forms Processing." A true and accurate copy of the '997 patent is attached as Exhibit D.

13. Plaintiff Roll Systems manufactures and sells pre- and post-processing equipment for high speed digital printers in the United States and abroad, including but not limited to the AutoLoad System that embodies and/or practices the inventions of at least the '516, '780, '143, and '997 patents.

## COUNT I : INFRINGEMENT OF U.S. PATENT NO. 5,273,516

14. Plaintiff incorporates the allegations set forth in Paragraphs 1-13 above as if fully set forth herein.

15. Defendants sell or offer to sell within the United States or import into the United States pre- and post-processing equipment for high speed digital printers, including but not

limited to the Standard Hunkeler Spiralfolder FS4, the Standard Hunkeler Folder Stacker FS4, and specially-made bridges for integrating this equipment into the patented systems of the '516 patent (collectively "the accused Standard Hunkeler equipment"), without authority or license from Roll Systems.

16. Defendants sell or offer to sell within the United States or import into the United States the accused Standard Hunkeler equipment with knowledge of the '516 patent. By their promotional efforts and by designing and supplying a specially adapted bridge for integrating the accused Standard Hunkeler equipment into Roll Systems' patented AutoLoad system, Defendants are aiding and abetting others to infringe the '516 patent.

17. The accused Standard Hunkeler equipment is a component and material part of the invention of the '516 patent that Defendants know to have been made or especially adapted for use in the infringement of the '516 patent. Upon information and belief, there is no substantial noninfringing use for the accused Standard Hunkeler equipment.

18. Defendants thus actively induce and contribute to infringement of the '516 patent by others in violation of 35 U.S.C. § 271.

19. Defendants' acts of infringement are willful because Defendants knew or should have known of the '516 patent, and that their sale, offer for sale, and/or importation of the accused Standard Hunkeler equipment for use in the patented systems of the '516 patent infringes such patent.

20. Defendants' acts of infringement have caused reparable and irreparable damage to the plaintiff and the plaintiff will continue to suffer such damage unless Defendants are enjoined by this Court.

## COUNT II : INFRINGEMENT OF U.S. PATENT NO.5,630,780

21.  Plaintiff incorporates the allegations set forth in Paragraphs 1-20 above as if fully set forth herein.

22.  Defendants sell or offer to sell within the United States or import into the United States the accused Standard Hunkeler equipment for use in the patented systems of the '780 patent, without authority or license from Roll Systems.

23.  Defendants sell or offer to sell within the United States or import into the United States the accused Standard Hunkeler equipment with knowledge of the '780 patent. By their promotional efforts and by designing and supplying a specially adapted bridge for integrating the accused Standard Hunkeler equipment into Roll Systems' patented AutoLoad system, Defendants are aiding and abetting others to infringe the '780 patent.

24.  The accused Standard Hunkeler equipment is a component and material part of the invention of the '780 patent that Defendants know to have been made or especially adapted for use in the infringement of the '780 patent. Upon information and belief, there is no substantial noninfringing use for the accused Standard Hunkeler equipment.

25.  Defendants thus actively induce and contribute to infringement of the '780 patent by others in violation of 35 U.S.C. § 271.

26.  Defendants' acts of infringement are willful because Defendants knew or should have known of the '780 patent, and that their sale, offer for sale, and/or importation of the accused Standard Hunkeler equipment for use in the patented systems of the '780 patent infringes such patent.

27.  Defendants' acts of infringement have caused reparable and irreparable damage to the plaintiff and the plaintiff will continue to suffer such damage unless Defendants are enjoined by this Court.

## COUNT III : INFRINGEMENT OF U.S. PATENT NO. 5,399,143

28.  Plaintiff incorporates the allegations set forth in Paragraphs 1-27 above as if fully set forth herein.

29.  Defendants sell or offer to sell within the United States or import into the United States the accused Standard Hunkeler equipment for use in practicing the patented methods of the '143 patent, without authority or license from Roll Systems.

30.  Defendants sell or offer to sell within the United States or import into the United States the accused Standard Hunkeler equipment with knowledge of the '143 patent. By their promotional efforts and by designing and supplying a specially adapted bridge for integrating the accused Standard Hunkeler equipment into Roll Systems' patented AutoLoad system, Defendants are aiding and abetting others to infringe the patented methods of the '143 patent.

31.  The accused Standard Hunkeler equipment is an apparatus that is used in practicing the claimed methods of the '143 patent. The accused Standard Hunkeler equipment is a material part of the invention of the '143 patent that Defendants know to have been made or especially adapted for use in the infringement of such patent. Upon information and belief, there is no substantial noninfringing use for the accused Standard Hunkeler equipment.

32.  Defendants thus actively induce and contribute to infringement of the '143 patent by others in violation of 35 U.S.C. § 271.

33.  Defendants' acts of infringement are willful because Defendants knew or should have known of the '143 patent, and that their sale, offer for sale, and/or importation of the accused Standard Hunkeler equipment for use in practicing the patented methods of the '143 patents infringes such patent.

34. Defendants' acts of infringement have caused reparable and irreparable damage to the plaintiff and the plaintiff will continue to suffer such damage unless Defendants are enjoined by this Court.

## COUNT IV : INFRINGEMENT OF U.S. PATENT NO. 5,816,997

35. Plaintiff incorporates the allegations set forth in Paragraphs 1-34 above as if fully set forth herein.

36. Defendants sell or offer to sell within the United States or import into the United States the accused Standard Hunkeler equipment for use in practicing the patented methods of the '997 patent, without authority or license from Roll Systems.

37. Defendants sell or offer to sell within the United States or import into the United States the accused Standard Hunkeler equipment with knowledge of the '997 patent. By their promotional efforts and by designing and supplying a specially adapted bridge for integrating the accused Standard Hunkeler equipment into Roll Systems' patented AutoLoad system, Defendants are aiding and abetting others to infringe the patented methods of the '997 patent.

38. The accused Standard Hunkeler equipment is an apparatus that is used in practicing the claimed methods of the '997 patent. The accused Standard Hunkeler equipment is a material part of the inventions of the '997 patent that Defendants know to have been made or especially adapted for use in the infringement of such patents. Upon information and belief, there is no substantial noninfringing use the accused Standard Hunkeler equipment.

39. Defendants thus actively induce and contribute to infringement of the '997 patent by others in violation of 35 U.S.C. § 271.

40. Defendants' acts of infringement are willful because Defendants knew or should have known of the '997 patent, and that their sale or offer for sale of the accused Standard Hunkeler equipment for use in the patented methods of the '997 patents infringes such patent.

41. Defendants' acts of infringement have caused reparable and irreparable damage to the plaintiff and the plaintiff will continue to suffer such damage unless Defendants are enjoined by this Court.

## REQUEST FOR RELIEF

By reason of the foregoing, plaintiff Roll Systems respectfully requests that this Court:

(a) enter judgment that Hunkeler has infringed the '516, '143, '780, and '997 patents;

(b) enter judgment that Hunkeler's acts of patent infringement are willful;

(c) preliminarily and permanently enjoin Hunkeler, its officers, subsidiaries, agents, servants, employees, attorneys, and all persons in active concert with it, from further infringement of the '516, '143, '780, and '997 patents;

(d) enter judgment that Standard has infringed the '516, '143, '780, and '997 patents;

(e) enter judgment that Standard's acts of patent infringement are willful;

(f) preliminarily and permanently enjoin Standard, its officers, subsidiaries, agents, servants, employees, attorneys, and all persons in active concert with it, from further infringement of the '516, '143, '780, and '997 patents;

(g) award damages, costs, and prejudgment interest to plaintiff under 35 U.S.C. § 284;

(h) declare this case exceptional and award plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

(i) award the plaintiff such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

ROLL SYSTEMS, INC.

By its attorneys,

*/s/ Elaine H. Blais*

Paul F. Ware Jr., P.C. (BBO # 516240)
Elaine Herrmann Blais (BBO # 656142)
Daniel M. Forman (BBO # 637405)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000

Dated: May 4, 2004